UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIE TYLER,<br>CDCR No. K-19763,<br><br>                              Plaintiff,<br>vs.<br><br>DOCTOR LU,<br><br>                              Defendant. | Case No.:  23cv2284-LL-SBC<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915A** |

Plaintiff Claudie Tyler ("Plaintiff"), a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. *See* ECF No. 1, Complaint ("Compl."). Plaintiff claims that while he was incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, his treating physician, Defendant Dr. Lu ("Defendant"), discontinued his diabetes medication for nearly two years in violation of the Eighth Amendment. *Id*. at 3. Plaintiff has paid the civil filing fee. ECF No. 6.

**I.     SCREENING PURSUANT TO § 1915A(b)**

   **A.     Standard of Review**

Because Plaintiff is a prisoner, a pre-answer screening of his Complaint pursuant to 28 U.S.C. § 1915A(b) is required. *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017). The Court may sua sponte dismiss a complaint, or any portion of it, if it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who

are immune. *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Section 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "[Section] 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.     Plaintiff's Allegations**

Plaintiff alleges that in January of 2018, Defendant Dr. Lu diagnosed him with diabetes and prescribed medication. ECF No. 1 at 3. On November 20, 2019, Dr. Lu informed Plaintiff that he did not have diabetes and stopped the medication. *Id*. During January 2018 to November 20, 2019, Plaintiff was seen by three other doctors, and they all told him to continue taking the medication. *Id*. On August 13, 2021, Plaintiff was diagnosed with diabetes again and prescribed a different medication. *Id*. Plaintiff alleges that he went without medication for twenty-one months and that he "had diarrhea and everything [he]

ate came up – [and Plaintiff was] in [bad] pain and suffering." *Id*. Plaintiff claims Dr. Lu violated his Eighth Amendment rights and seeks monetary damages for pain and suffering. *Id*.

      **C.**    **Analysis**

The Eighth Amendment's prohibition on the infliction of cruel and unusual punishment "establish the government's obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). However, "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement [or] supplying medical needs." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "[A]n inadvertent failure to provide adequate medical care," allegations that "a physician has been negligent in diagnosing or treating a medical condition," or "medical malpractice" do not state an Eighth Amendment claim. *Estelle*, 429 U.S. at 105-06 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson*, 501 U.S. at 298). Second, "a prison official must have a 'sufficiently culpable state of mind,'" that is, "one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 302–03 (1991)). The deliberate indifference prong of an Eighth Amendment violation "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "[T]he prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Farmer*, 511 U.S. at 837).

Here, Plaintiff alleges Dr. Lu initially diagnosed him with diabetes and prescribed

medication, and that about two years later Dr. Lu changed his diagnosis and found that Plaintiff did not have diabetes and discontinued Plaintiff's medication. ECF No. 1 at 3. Plaintiff states that this was done despite the fact that three other doctors told Plaintiff to continue taking the medication prescribed by Dr. Lu, and despite the fact that Plaintiff was diagnosed with diabetes again twenty-one months later. *Id.* However, the Complaint contains no factual allegations which plausibly allege Dr. Lu discontinued Plaintiff's medication in deliberate indifference to his medical needs, as opposed to having done so in disagreement with the diagnoses of other physicians. Allegations of differences of opinion over proper medical care, inadequate medical treatment, medical malpractice, or even gross negligence by themselves do not rise to the level of an Eighth Amendment violation. *See Farmer*, 511 U.S. at 835 ("[N]egligen(ce) in diagnosing or treating a medical condition" does not amount to deliberate indifference) (quoting *Estelle*, 429 U.S. at 105–06) (holding that "an inadvertent failure to provide medical care," allegations that "a physician has been negligent in diagnosing or treating a medical condition," or "medical malpractice" do not state an Eighth Amendment claim as "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Toguchi*, 391 F.3d at 1058 (a disagreement over the necessity or extent of medical treatment does not show deliberate indifference).

Even assuming Plaintiff's allegation that three other doctors told Plaintiff he should continue taking the medication plausibly alleges that Dr. Lu was aware of facts from which an inference could be drawn that discontinuing the medication posed a risk to Plaintiff's health, there are no facts which plausibly allege Dr. Lu actually drew such an inference, as opposed to merely alleging a disagreement with the other doctors, or at most a negligent diagnosis. *Toguchi*, 391 F.3d at 1058 (a disagreement over the necessity or extent of medical treatment does not show deliberate indifference); *Estelle*, 429 U.S. at 105–06 (allegations that "a physician has been negligent in diagnosing or treating a medical condition," or "medical malpractice" do not state an Eighth Amendment claim."). If Plaintiff wishes to proceed with his claim against Dr. Lu, he must allege Dr. Lu was

deliberately indifferent to Plaintiff's need for diabetes medication. To do so, Plaintiff must set forth factual allegations which plausibly allege Dr. Lu was "aware of the facts from which the inference could be drawn that a substantial risk of serious harm" existed from discontinuing Plaintiff's diabetes medication, and he must set forth factual allegations which plausibly allege Dr. Lu actually drew such an inference. *Toguchi*, 391 F.3d at 1057; *Farmer*, 511 U.S. at 837; *Whitley*, 475 U.S. at 319 ("It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."). Accordingly, the Court sua sponte dismisses the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A.

### D.  Leave to Amend

In light of Plaintiff's pro se status, the Court grants him leave to amend his pleading to attempt to sufficiently allege a § 1983 claim if he can and if he wishes to attempt to do so. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## II.  CONCLUSION

Good cause appearing, the Court **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b). Additionally, the Court **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an amended complaint which cures the deficiencies of pleading noted in this Order.

The amended complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in the amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if

not repled."). If Plaintiff fails to timely file an amended complaint, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated:  March 4, 2024

Honorable Linda Lopez
United States District Judge